We will see how it goes. That case is Jeff Sloan v. Memorial Hospital of Gulfport. Looks like Mr. Wade gets to go first. Thank you, Your Honor. Your Honors, I don't have much to really point to. This is a single issue at this point in time before the court. Let me ask you if that means you're warning while you're here? No, sir. No, Your Honor. I understand this is an issue that comes up quite often in district courts and in front of this court, the timeliness, especially dealing with the right to sues and the issues versus when it is received. So while I think this before the court today may be a simple, singular issue, it is important for the district courts and the circuit because you ask for oral argument. Yes, ma'am. And in this case, the issue is the fact that in the complaint, originally it was alleged that Dr. Sloan, we put in the complaint that he received his right to sue notice on, I think it was November 9th. However, that was the date that it was mailed. So at that point in time, the defense counsel made their motion to the court. It's untimely filed because it was filed 92 days after the date that it was actually that point we pointed out to the court, the district court in this case, that that is true. That is what is in the complaint. However, that is impossible. So we pointed out to, instead of just simply moving forward with an amended complaint because there were other issues being argued at that time, pointed out to the court that this is an impossibility for it to be mailed and received on the same date. And you actually said in your response that your client received it on November 17. And you actually set a date. We did. Without an affidavit, because it was our opinion that, number one, that would be outside the pleadings. But also, it was immaterial because it was still filed within the 92 days. No, because in their brief, they said you didn't say. But you did. We do, yes. At ROA 60, you said, Dr. Sloan did not receive the right to sue until on or about November 17. Correct, Your Honor. And even with the mailbox rule, we were still within the timelines. That's why we didn't focus a lot on that statement. And one of the biggest issues is this circuit in the US Supreme Court's been very adamant in looking at cases should be decided on the merits, not a technicality in the pleadings. And there was actually a case, and I know it's a district court case just about six weeks ago, that had a similar issue in the Middle District of Louisiana. And that case, I just found it the other day because it's a fairly recent case. And I think that district judge handled it in a good manner. It was Campbell versus Verma Systems Incorporated. 2022 Westlaw 256298. In that case, the plaintiff's counsel had put in a complaint that the plaintiff had been given the right to sue on a certain date. However, that plaintiff did not attach a copy of the right to sue itself, which we did in this case. It is attached to the pleadings, and we always attach it. In the Campbell case, that district judge actually decided that without the right to sue being attached, the judge couldn't look at what was in the right to sue, whether it had been mailed or received, on what dates. However, the district judge decided that this case stemmed either it was filed one day within the time frame or it is outside the time frame. However, he dismissed the case without prejudice to allow the plaintiff to refile, which is why the same thing that we did in this case is we said, judge, we filed the right to sue, which clearly indicates that it was mailed on November, I believe it was November 9, 2020, which, again, it's impossible to receive it on a date. And I understand how a mistake can be made, although it's a good lesson in proofreading your petitions and complaints, but so let's put that aside. Why didn't you move to amend your complaint before the district court ruled to dismiss? Because, number one, the right to sue was attached, which was part of the pleadings, which clearly indicates that it was mailed on that date, which is what we pointed out to the district judge. In addition, there were other issues that were brought before the court regarding stuff that happened with the EEOC before we even got involved. So if we had moved to actually amend and undertake that process, we would have restarted the entire clock on having the other issues decided, which, obviously, hindsight being 2020, we know now, obviously, we didn't save that amount of time because defendants had also moved based upon the fact that, and it's even in some of the things that were filed, that Dr. Sloan, who did not have counsel at the EEOC phase, there were some issues on dates, and so the EEOC determined that his charge was untimely. However, there's case law which says that it was not untimely based upon the facts. So in an effort to move it along, we simply pointed out to the court, this is contradictory, it could not have been received on this date, the right to sue clearly indicates the date it was mailed on. It was attached, so you have a controversy, in a sense, or a disparate situation in your own pleading. You have the November 9th received, and then you have the November 9th mailed, and that can't be both correct. That's correct, Your Honor. That was your point, okay. And while I understand it might have been a better or a best practice at that time to just amend it to do it, there's a lot of times when your best practice is not the only practice. Just like with medical records and trial, best practice is you get the people there to testify about authenticity and all these sorts of ways for medical records, but you don't have to. So that's why there's authors of verifications. Now, let me ask you this. I understand that on the motion to dismiss, the court can't make a fact-finding, and so to the extent there was any fact-finding here, that would be improper. But at some point, there can be a fact-finding on when your client got it. So if we were to reverse, would that issue still be available? Not in a motion to dismiss stage, but let's say they'd opposed your client and he said, oh, yeah, I received it on November 10th. You still would be late. It would be one day late. Right, and so if he admitted that in a deposition, let's say, they would still be able to file a motion for summary judgment at that point, right? That's correct. In fact, the EEOC keeps a log of when things are accessed on the portal. So in this case, well, it's outside, but regardless, the EEOC has a log. So if it was sent and accessed by Dr. Sloan, there's a record. And there are several cases in other districts which address that very issue, the case from- But you said that accessing it on the portal isn't enough. He has to actually receive it by mail. No, Your Honor. If he accesses it on the portal, he has to receive it. But putting it on the portal isn't enough. That's, putting it on the portal is not enough. In 2020 now, because in 2020, I don't believe there was an automatic notice sent to the people if they have access to the portal. I don't, at this time, I'm not even sure if Dr. Sloan was communicating with the EEOC on the portal because they were emailing back and forth. Now, today, the EEOC notifies you the moment something's uploaded to the portal. But that was in 2020. And that's what counts now. I'm just talking about, I'm not talking about now. I'm talking about 2020. I thought you made the argument that it needed to be mailed. Well, in 2020, they were still doing the date mailed forms. They're new forms now. It's totally different now. Okay. But we don't care about now. We care about 2020. Okay. Please explain. They were doing both, is my understanding, in 2020. And my understanding is that they were not always, there was no contemporaneous notification, but still, Dr. Sloan would have to receive it and be notified that it's on the portal. And there's several cases which address that in district courts. I wasn't able to find a single circuit case that addressed just the fact that it's uploaded to the portal, whether the plaintiff or charging party knows or not, is that sufficient for- But all this portal stuff, if they think they have something there, they can just pursue that as a summary judgment. That's not before us now. Correct, Your Honor. The question is just this pleading, this claimed admission in the actual text of the pleading that is contrary to the mailed in the attachment to the pleading. That's correct, Your Honor. Okay. Yeah, they will have plenty of opportunity to get the log and see point blank, was it accessed or not, before a time they would have made it untimely. So there will be plenty of time to do that. Okay. And the, like I pointed out in the briefing, there's a couple cases I felt were on point. The Foehman v. Davis case, which was a US Supreme Court case where there was an error in the pleading. Plaintiff, in that case, US Supreme Court held that the plaintiff should have been allowed to fix his pleadings even after the judgment had been entered dismissing his case. That case also involved just the same type of error in the pleadings, because again, the US Supreme Court has said quite clearly that cases should be decided on the merits of the facts, not what is in the technicality of the pleadings or the potential for an error in a pleading. Counsel, I certainly understand why you're making that argument, but this is a jurisdictional matter and timely following a complaint is necessary. So I wouldn't rely too much on just saying this is a mere technicality. Well, and that too, and there's also a case, the Johnson v. City of Shelby, which was a case from the Fifth Circuit that went up to the US Supreme Court. That case dealt with the, that case the plaintiff had failed to plead, 1983 in a case, but yet, and so. Who was the lawyer on that appeal? I believe Your Honor might know, it was my uncle. So I'm familiar with that case, Jim Wade, and that case was him. Oh, yeah. So in that case, the Supreme Court said that the plaintiff should be allowed to remedy that on reversal. Well, Jim Wade has gotten this court reversed a few times. Maybe he'll do the same. Well, this is my eighth or ninth trip, Your Honor, and I was talking about that earlier with some people downstairs. He brings his eight-year-old with him now, too. And Your Honors, that's really about all I have on this matter, if Your Honors don't have any further questions for me. Well, we've focused on the kind of pre-judgment situation, but post-judgment, you moved to amend, and the district court said, nah, you should have moved sooner, and we discussed that a little bit. Now, that's an abuse of discretion standard, so tell us how the district court, if we get to that point and we say, well, we can't really deal with the pre, now we're at the post, how can you get past this abuse of discretion standard on that? Well, an abuse of discretion, Rule 15a, pretty clear, should be freely given when justice so requires. And that goes back, too, to that Fomen case, which was the U.S. Supreme Court case. There must be a justifying reason to deny it, and I understand the district court says, well, you could have done it sooner. You could have moved to amend. However, the entire time that motion was pending, we were very clear that the issue, we have the right to sue letter, which clearly indicates this is the date it was mailed. And so there is an error in the pleadings, and the court, in our opinion, should be able to adopt that and just identify, yes, there's contradictory dates in the complaint, and because we've got multiple issues pending before the court, in an effort to not delay this matter moving forward, we can accept the fact that the filed documents, which I think would speak for themselves over what a person pleads, because the document speaks for itself. The EEOC right to sue notice speaks for itself on the date it was mailed. And so therefore, the court should have allowed that, because it was clear throughout, so this wasn't a new argument. Now, the district court says- So it's an abusive discussion because you had brought it up, the district court didn't give it any deference, and then when you moved to amend, it should have granted that, even though it was post-judgment. Correct, because I believe- That's your argument. I'm not agreeing or disagreeing, I'm just making your argument, okay. Correct, I think the district court said that this was something that we were trying to fix after the judgment, and as a matter of fact, I think Judge Garrella mentioned that, the plaintiff was trying to fix it. We had already addressed it in our prior pleadings, an argument, it wasn't a new argument. It wasn't something you raised for the first time. Okay, well, thank you. Thank you, Your Honor. May it please the court, Matthew Powers, on behalf of the Defendant Memorial Hospital at Gulfport. Good afternoon, Your Honors. I would like to begin by addressing the district court's order denying plaintiff's post-judgment motion to amend complaint. I think that is the thrust of the appeal in this case, so I would like to start there, and why the district court did not abuse its discretion in denying plaintiff's post-judgment motion to amend. The crux of Memorial's motion to dismiss centered around paragraph seven of plaintiff's complaint, that is that Sloan received his right to sue notice on November 9th of 2020. That language was highlighted, it was bolded, it was underlined in Memorial's briefs at the district court. It absolutely could not escape plaintiff's attention. Plaintiff is an experienced employment law attorney. He knows that that is the trigger for the 90-day statute of limitations, and it was undisputed that plaintiff didn't file suit within 90 days as alleged in his complaint with receipt on November 9th. Now, the Rule 15a analysis, governing amendment of pleadings, as Your Honors know, is tempered by various factors, undue delay, bad faith, dilatory motive, and the like. So what evidence of that is there in this case? I'd like to start, Your Honors, with what I'll characterize as the gangsmanship that plaintiff displayed with the district court. Plaintiff claims he made a tactical or strategic error in not moving to amend his complaint in response to the motion to dismiss, and in waiting to amend until after the entry of judgment. But, Your Honors, I ask, is it credible, is it even credible to say that rather than move to correct a date that you know is wrong in your complaint, I'm gonna plead the mailbox rule and see if the mailbox rule applies, and then if the court doesn't find it my way, then I'm going to move to amend post-judgment? I mean, does that even make sense? Let me ask you, Mr. Powers. It seems to me, I don't know if it's gangsmanship or not, but it seems to me there may have been some change of understanding, or at least a change of what the assertion was. There was initially a claim that it was mailed on one date and received on a date certain, a week plus later. So if that is, in fact, what was the position, the complaint doesn't match up with that, but nonetheless, that is, that's not necessarily a position that would require amending the complaint. They would continue to assert we didn't receive this until November 17th. What do you make of that November 17th date? Yes, Your Honor, and so when we alleged and cited plaintiff's complaint, and said you received it on November 9th, I think the only reasonable response would be to move to amend. Well, he didn't, so the November 17th, there's nothing inconsistent, Your Honor, in receiving the document through the portal on November 9th, and receiving the document through the mail on a later date, just as Memorial received the document through the portal. But there's no evidence of the portal. There is no evidence. What the district court said. I already went through, and he's already conceded. If you guys come up with that evidence, if we were to remand this, send it back, break it, remand, send it back, and you find that he did get it on November 9th through the portal and read it, well, then you can bring a summary judgment. The problem with the motion to dismiss is you have to look at the facts, and the concern I have is he didn't just admit to November 9th and call it a day. He attached the document. The only thing the document says is mailed November 9th. And it doesn't say emailed or put on portal or whatever the right tech terminology is. It says mailed. And so you have inconsistencies between the attachment and the pleading. And our law is that you do look at the attachments in that situation. And so if you look at the attachment, mailed on November 9th would support this three-day mail thing, at least at the motion to dismiss stage. Might lose on a summary judgment. My response to that, Your Honor, would be he pled receipt on November 9th in his complaint. And I understand plaintiff's argument that there is some inconsistency here between receipt on November 9th and receipt in the mail on a later date. But there is no inconsistency. It could have been received just as alleged, just as Memorial did. And just as the district court said, Your Honor, and Judge Grillo cited Lee v. Walmart, and we cited the Baker v. Putnam decisions in our brief, which say that the district court has to accept the plaintiff's allegation as true. But not when they've attached a document that doesn't just say provided or issued on November 9th. It says mailed. And maybe I'm old-fashioned, but I know what mailing is. It's something that lands in your mailbox. And I've never received something that was mailed on November 9th on November 9th. Absolutely, Your Honor. We agree that it's impossible to receive on November 9th what is mailed on November 9th. But again, I don't see the inconsistency because there's no law in the Fifth Circuit or any other circuit that says you have to receive the document in the mail. All of the cases we cited, Your Honor, say 90 days after receipt of a notice. There's a lot of things that say decision, and that's what the decision said. I'm sorry, Your Honor. Well, no, no, I just wanna put a marker down that I wanted to ask a question. It seems to me that one problem here is perhaps a shift in technology. Lou Girola, in footnote to avoid considering things outside of the motion to dismiss, did refer to your effort to show something about the portal and whatever. But I would say, irrespective of that, I just have a question that I don't know if you can really answer for me. Just where are we? Obviously, there is email. There are other ways, and here is a portal. Just to what extent, what are you relying on to say that it was all right for Judge Girola to say there are other ways they could have received notice on the 9th? The complaint says they received notice on the 9th. So I, Lou Girola, accept that they received notice on the 9th because there are other ways they could have received it. I don't know if you have any case that says that. You have cases that say it's all right to receive, the notice can be received electronically, but there's nothing really here that says it was received on motion to complaint stage that was received electronically. So how can we, give me your best shot at how we can accept that, which is perfectly plausible. How can we accept that on the pleading? Sure, Judge Girola said that he had to accept the allegation, he had to accept it as true, pursuant to the- That it was received on the 9th. 9th versus Putnam, and then he also, this was in response to, because again, just as your Honor said, Judge Girola did not rely on any matter outside of pleadings. Plaintiff's brief is incorrect in that case, in that respect. Judge Girola says on two occasions in his orders that he is relying exclusively upon the allegations of the complaint in so ruling. Now, in the brief, Judge, in response to plaintiff's argument because plaintiff's argument, the wordsmithing morphed in response for a motion to dismiss from, it was impossible to receive it on the mail on the same day it was mailed, and all of a sudden, post-judgment, when he moves to amend, the argument morphs into, it is impossible to have received it on November 9th at all. And so what Judge Girola did was he cited two opinions, the Boyd decision from the Western District of Louisiana, as well as the 2015 decision, Stewart versus Johnson, where, of course, you can receive it through the portal by email, and that receipt by email is sufficient to trigger, and so it is not impossible. Can't you find evidence, if we sent it back, couldn't you then find one way or the other whether it was sent some other way and went on summary judgment if you should? I mean, we have this notion of we need to finish cases, people need to do things timely, people need to do things correctly, but there's also this counter that justice needs to be served. And so if it is true that he got it on November 9th, would you be able to show that on a summary judgment? Because he obviously didn't get it by mail on November 9th. I would be, Your Honor, I would be. But then isn't that the right way? No, Your Honor, because it would be contrary to the law of the circuit. And let me just explain why I say that. And I'd like to get into the Rosenblatt, the Rosenzweig, and the Vilma versus Eureka company case. Again, just going back to why plaintiff states that he didn't move to amend. The filing of an, speech, before judgment. The filing of an amended complaint at that stage would have greatly delayed the court's ruling on aspects of the defendant's motion by 30 to 60 days. Hindsight is 20-20. So he didn't want to wait to go through what the amendment process would entail. He knew exactly what the argument was. Again, it was highlighted, bolded, unknown. He didn't move to amend. So let's see what this circuit said post-judgment. These are all post-judgment motions to amend. In the Rosenblatt versus United Way of Greater Houston case, this court said, the facts Rosenblatt seeks to add to his complaint now were available to him previously, and he has not shown any reason other than a misguided attempt at strategy why he failed to plead them before. Indeed, Rosenblatt concedes as much in his brief, acknowledging he had been aware of some additional facts at the time he pleaded his original complaint. Accordingly, the district court did not abuse its discretion in denying Rosenblatt's... Now, did that involve a case, though, where the issue was raised before the judgment? Involved facts just like this, where the issue was raised. It was known to the plaintiff, and he didn't do it until after judgment. Raised to the court, but just not amended. That's correct. Similarly, in the Rosens-Weig versus Asherix Corp case, this is what this court stated. Plaintiffs admit, just as in this case, plaintiffs admit they deliberately chose to delay amending their complaint. A busy district court need not allow itself to be imposed upon by the presentation of theories in separate order. Second most important point is that nothing new with respect to receipt of the dismissal and the notice of rights was gleaned after the inception of filing this lawsuit. Everything regarding the dismissal and notice of rights and when Dr. Sloan received it was known prior to filing suit. So when we examine the, also from this court, the Vilma versus Eureka Company case, where this court said, again, post-judgment motion to amend complaint. In cases where a party seeks to amend her complaint after entry of judgment, we have consistently upheld the denial of leave to amend where the party seeking to amend has not clearly established that he could not reasonably have raised the new matter prior to the trial court's merits ruling. This court has followed that rule unwaveringly since the appearance of Freeman versus Continental Gin in 1967. That case is directly on point, Your Honor. Has followed that rule unwaveringly since 1967, and not finding an abuse of discretion when the knowledge was within the control of the plaintiff. But if we rule on the pre-judgment saying, if we were to conclude that there was an inconsistency, a conflict between the pleading and the attachment to the pleading, we wouldn't get to the issue of the post-judgment, right? Right, so let's just go to the motion to dismiss, Your Honor. Let's do that. Sure, sure, because it was very simple. A couple of pages long, and plaintiff's response was a couple of pages long, and this was the gist of it. We cited paragraph nine. We counted the time and said 92 days. Plaintiff missed the statute of limitation by two days. Plaintiff comes back in his response to his motion. You would expect the only reasonable, rational response is to be, A, oh my goodness, I missed the 90-day statute, or B, oh my goodness, I pled the wrong date. No affidavit, no attestation, no dispute of receiving the document on November 9th. Page 59 of the record, what does plaintiff say in response to the motion to dismiss? He says, documents aren't always uploaded contemporaneously with their issuance by the EEOC. How could the district court rule any other way? The only thing he said was the mailbox rule. On page 60, he says, Dr. Sloan did not receive the right to sue until on or about November 15th. He did, sure he did, but again, the entire matter was predicated upon that allegation of the complaint, and that's the trigger for the statute of limitations. The case law says 90 days from receipt of a notice, he pled receipt of the notice on November 9th, and he filed it 92 days later. And again, he didn't dispute receiving it on February 9th. He didn't. There is nothing, no, you know the first time he disputes receiving the document on November 9th, page 10 of his appeal brief, and he cites two pages to the record there. He cites page 60 and page 162. Neither of those pages deal with disputing receipt on November 9th. Neither of them. He never disputed receipt on November 9th. It would be like, Your Honor, if I said, Your Honor, had a flat tire on November 9th and took your car into the shop, and you said, Mr. Powers, I don't always take my car into the shop on the same day I have a flat tire. I mean, all you have to do is dispute it. But I mean, what he said is, Dr. Sloan did not receive the right to sue until on or about November 17th. In the mail. Why isn't that? No, he just says. The argument went from, I didn't receive it in the mail on the same day it was mailed in the mailbox rule, but he's gutted on the mailbox rule by Taylor versus Books A Million because he pled receipt in his complaint on November 9th. So the mailbox rule doesn't apply. And then he's forced to argue that receipt in the mail was required to trigger the statute of limitations. Yeah, but that November 17 date is not a receipt, you know, the mailbox rule. That's the date he said he received it. It doesn't say by mail, it just said received. That's right. He said that he got it on the mail on or about November 17th. And then he said under the mailbox rule, in any event, I got it on November 12th under the presumption. So I was actually one day early rather than two days late. That was his argument. His fundamental problem with Judge Garola at the district court was, one, mailbox rule doesn't apply under Taylor versus Books A Million. If you plead receipt on a certain date, it says the mailbox rule doesn't apply. And two, there is no case in this circuit or anywhere else that says notice has to be received in the mail to trigger the 90 day statute of limitations. It simply does not say, it says receipt of a notice. He pled, received notice. So just like Memorial received it through the portal on November 9th, received it in the mail about a week and a half later, it is not impossible, very plausible that Plaintiff also received it in the same manner that Memorial did. And so the district court couldn't disregard what was stated in the complaint and Plaintiff didn't move to amend prior to entry of the judgment. Let me ask you this, Mr. Powers. You just said what Memorial Hospital itself did. All right, it's outside the record, but let me ask you, if this thing goes back, you're saying there's evidence that's gonna show this was not only posted in the portal or whatever the right terminology would be, but some sort of notice was sent at least to Memorial that it was posted on that date? Your Honor, in response to Plaintiff's footnote one on page 59, where I alleged receipt and the motion to dismiss and cited his complaint and he wrote back, documents aren't always uploaded, I wanted to know what was going on. So I picked up the phone and I called the EEOC in response to your question. And I said, did you upload the documents to the parties on the same date? And they said, we did. And I said, well, can you send me anything to show that? And they said, well, we can't. Well, that's been two different things and you may be getting to it, but it's not when it was uploaded. I don't always look in my, if there's some portal I can go to, I may not go to it. Is this, will the evidence show you representing to us it would not affect the outcome of this case, but I'm just asking, if this goes back, will there be evidence that both sides, Memorial and the plaintiffs, were given some sort of direct notice that there's something on a portal for them to look at? According to what the EEOC told me, yes. I didn't hear the last part. Yes? Yes. Okay, cool. You can move on from that. What is this then? Why are we here? Because the plaintiff didn't move to amend this normally. And the case law is clear post-judgment. If you can win on summary judgment, why the heck are you here? I would ask the opposite question. Why is he here if he's going to lose on summary judgment? So I'm really, I don't. Why didn't y'all both go out to dinner last night and resolve this if it's that simple? But I'm guessing it's not. I'm guessing he'll say he didn't get it on the portal. Because I have certainly gotten portal things sent to me that I didn't know how to open or ever figure out. I'm not talking about in a lawsuit. I'm just talking about in life. Whether or not he got it through the portal or didn't get it through the portal, the allegation of the complaint is the complaint. But when you keep saying, when you say the district court found, except the pleading was true, and citing that Baker case, does that case involve an exhibit that contradicts the pleading or not? And again, no it doesn't. And again, I don't see anything contradictory between receiving it. Your argument depends. Counsel, I'm gonna ask a question because there isn't much time. Your argument depends on it not being contradictory. Is that correct? Because if the two contradict, the district court is not, does not need. Did you accept that proposition? I would, Your Honor, because in my mind, it was never a contradiction. But if there were. If there were a contradiction. He is not bound to accept the pleading as true. I don't know, Your Honor, because still under Rosenblatt, Rosenzweig, I would say he failed to amend his complaint before the entry of judgment. Frankly, finality of judgments matter. It matters to the district court. It matters in the case law. And that's the governing law of this circuit. And so again, I don't think the district court could have ruled any other way on our motion to dismiss when the mailbox rule didn't apply. And there's no case law saying you have to receive it in the mail. And then he didn't move to amend his complaint. And then he stuck with the law of the circuit and Bill Rosenzweig and Rosenblatt. So I don't see, I never saw it any other way. In conclusion, Your Honor, there's a story of this case. Plaintiff was dilatory in filing his charge of discrimination outside the 180 days. He's dilatory in filing his complaint in this case. He had 90 days, he didn't do it. He was dilatory in filing his motion to amend complaint. Had plenty of time, 62 days from us, if you pull up our briefs, highlighting, bolding, put it to dispute it. He knows how to amend a complaint. He didn't do it and he stuck with the governing case law. Thanks counsel. Your Honor, I don't have a whole lot to add to my previous enlist, Your Honor. You're gonna lose the summary judgment if we remand this and they move for summary judgment and say, got it on the portal on November 9th? What's gonna happen? I don't believe so, Your Honor. I believe the issue is it was not, Dr. Sloan was not notified that the right to sue was on the portal until a later date. And I think that is the issue that we will have to discuss at the summary judgment stage. What is sufficient for the definition of receipt and when the notice was actually sent by the EEOC, when he should have known it was on the portal, because all communication, it's not in the record necessarily, but it's emailed all before that. I don't think there was any portal communication before the right to sue notice was uploaded. I think that will be the issue on summary judgment is what is sufficient receipt and when did Dr. Sloan receive notice that the right to sue was even there. Again, this is an age discrimination case. These portals and new technology do come into play to some extent with Dr. Sloan and what he knew how to do and how to get there. I think that will be part of, and I think that even goes into some of the underlying claims. So if we were to remand it, you think there would be a fact issue on the summary judgment, that's your point? That's why y'all didn't meet for dinner and try to resolve this. Yes, Your Honor. I believe that would be correct. There will be a fact issue, unless there might be an issue about what is the definition of received under the law. And if there was a notification sent, for instance, but it went to your spam folder, is that sufficient? Things of that nature. And those would be things that we're just gonna have to work on. But in regards to the original complaint, like I've already said, and I just wanna go over one last time, we always attach the right to sue notice for this very purpose and documents that are pertinent to a case in case there is something that comes up. Have you started proofreading your complaints now? Well, it's not, I would say, that is the only case we've ever filed that for some reason we typed received. And I went back and checked other complaints and I cannot find, I don't know why it says received as opposed to issued. You ever mailed or issued? Every case we have, we say issued. And I cannot for the life of me understand why we put received on that one complaint out of the dozens or hundreds that we've done. But it is definitely a lesson learned with that. Again, going back to- I think it's in the Judge Garola's problem though that you didn't amend sooner. If it's the only one you ever did like that and it's pointed out to you, you have plenty of time for a final judgment to amend and get this thing straightened out. But instead you had a different direction to try to argue something else. I mean, hindsight and whatever else. I'm not, the thing is you want the district court it seems to me to cut you some slack because of this. And Lou Garola wasn't willing to do that. So I'm just, give me a response to why we should. Well, because the notice to, or the right to sue clearly indicates the date it was mailed and we did file it and the documents are actual proof of things. Anybody can file a pleading and say whatever you want in it.  clearly indicate that that was the date it was mailed. So, okay. But to be a conflict, it has to mean you could not have received notice. You couldn't have received mail, but you could have received notice. And that's what the complaint ultimately is talking about. And as we're talking about when he goes, if it goes back on summary judgment, that's gonna be the issue. Did you actually receive the notice on the ninth or did it take a while for, you know, what does that actually mean and whatever, but your complaint takes a position on it is the hospital's point of view. And so it is not at all clear to me that there's any inconsistency. But that's what we, because the documents say that's the date it was mailed and those are the original pleadings. Now there is the things that- And it doesn't say anything about putting it on portals or putting it anywhere else. So all we know is it was mailed that day. We don't know anything else from the attachment. But we also know the plaintiff says it was received that day. So we have that as our package. Well, that's correct, Your Honor. Those are, and you cannot, I think that there's- But he calls it a letter. Received his right to sue letter. Correct. And it's not, that's kind of the whole basis of it. They contradict each other and we recognize that. We pointed that out to the district court. And again, the entire reason we did that, we believed it was the court would take precedent over the documents that have been filed. And again, because there was another issue pending for the court, we wanted the issues to be decided without having to drag it on, which obviously that did not work. But it was clearly identified at district court that the letter that is part of the motion to dismiss for the court to decide says it was mailed. There's no argument that it can be received the same day it was mailed and we pointed that out to the court. And then our only change we were gonna make in our request to change that one line was just to change it to EOC issued on that date. And where there's a dispute, the three-day rule is what comes into effect. And that's all the time I have, Your Honors. Thank y'all. Well, thanks to you. Hope you appreciate the opportunity to come to New Orleans for an argument. That concludes the arguments for this panel for this week.